**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **BRADLEY TERWILLINGER,** | § | |
| **BENJAMIN MATCEK, and** | § | |
| **JIMMY DAN SMITH,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:16-CV-599-ADA-DTG** |
| | § | |
| **ABELINO "ABEL" REYNA, and** | § | |
| **MANUEL CHAVEZ** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION REGARDING**
**DEFENDANT MANUEL CHAVEZ'S**
**MOTION FOR SUMMARY JUDGMENT (DKT. NOS. 167)**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the defendant, Manuel Chavez's motion for summary judgment. The motion asserts that Defendant Chavez is entitled to summary judgment based on his defense of qualified immunity. The motion is fully brief, including submissions regarding supplemental authority. Dkt. No. 167, 178, 180, 195, & 199. The Court heard arguments on January 22, 2026. For the reasons that follow, the undersigned **RECOMMENDS** that the defendant's motion (Dkt. No. 167) be **GRANTED**.

## I.  BACKGROUND

This case arises from a 2015 shootout involving rival motorcycle gangs. On May 17, 2015, a shootout involving the Bandidos and Cossacks motorcycle gangs occurred at the Twin Peaks restaurant in Waco, Texas. *Terwilliger, et al. v. Reyna, et al.¸* 4 F.4th 270, 277 (5th Cir. 2021). Defendant Chavez was working on another case when he was called to the Twin Peaks scene where he remained for about two hours. Dkt. No. 167-1 at 1. Defendant Chavez then went to the convention center where he continued to help with the investigation. *Id*. at 1-2. At the convention center, Defendant Chavez was given the form complaint[1] to review. He had no changes to the complaint and with the assistance of a member of the district attorney's office, he filled in the names on the form complaints and signed them. *Id*. at 3. On May 19, 2025, Defendant Chavez signed additional arrest complaints for the plaintiffs. *Id*. at 4-5; Dkt. No. 167 at 12.

The Court previously dismissed the plaintiffs' claims, and the Fifth Circuit reversed part of the dismissal. In 2019, the Court denied Defendant Chavez's motion to dismiss based on his qualified immunity defense. Dkt. No. 78 at 12. The defendant appealed that decision, and in 2021, the Fifth Circuit Court of Appeals issued an opinion affirming parts of the dismissal and reversing others. Dkt. No. 100; *Terwilliger, et al. v. Reyna, et al.*, 4 F.4th 270 (5th Cir. 2021). That opinion affirmed the denial of Defendant Cavez's motion to dismiss based on qualified immunity and held that the plaintiffs had stated "a plausible *Franks* claim against Defendants Chavez . . .." *Id*. at 285. The appeals court expressly refused to opine on whether such a claim

---

[1] The charging document has been referred to by the parties and prior opinions as an affidavit or warrant, though it is titled "Complaint." Dkt. No. 177-1 at 4. This opinion refers to the charging document by its title, complaint,

would be successful. *Id*. On remand, the parties completed discovery and Defendant Chavez moved for summary judgment. Dkt. No. 167.

## II.  APPLICABLE LAW

The defendant asserts the defense of qualified immunity. To be entitled to summary judgment, the defendant must demonstrate that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). By asserting the defense of qualified immunity, Defendant Chavez has shifted the summary judgment burden "to the plaintiff to demonstrate the inapplicability of the defense." *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013); *see also Terwilliger*, 4 F.4th at 280. This requires the plaintiffs to demonstrate that there is a genuine issue of material fact. *Frederick v. LeBlanc*, No. 21-30660, 2023 WL 1432014, at *3 (5th Cir. Feb. 1, 2023) (per curiam) (quoting *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 329-30 (5th Cir. 2020); *see Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022)). In making this determination, the Court is required to construe all inferences in the plaintiffs' favor. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017).

At the summary judgment stage, the plaintiff must identify specific facts that overcome the defense of qualified immunity. *Terwilliger*, 4 F.4th at 280 (addressing the requirements at the pleading stage). This requires the plaintiffs to identify facts that demonstrate two things. First, the plaintiffs must identify facts that demonstrate a violation of a statutory or constitutional right. *Id*.; *see also Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011). Second, they must identify facts that demonstrate that the right was clearly established at the time of the violation. *Terwilliger*, 4 F.4th at 280

Because the plaintiffs assert a *Franks* violation, overcoming qualified immunity requires the plaintiffs to raise a fact question over whether Defendant Chavez intentionally or recklessly

included false statements or omitted material statements from the complaints and that the false or omitted statements were necessary to the finding of probable cause. *Terwilliger*, 4 F.4th at 285. The plaintiffs bear the burden of proving that the false statements or omissions resulted from more than negligence. *Id*. at 283 n.8; *see also United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980) (holding that negligent omissions will not support liability under *Franks*).

### III.  ANALYSIS

Defendant Chavez starts by contending that the plaintiffs cannot prove he intentionally included or omitted material information. Defendant Chavez points to substantial evidence showing that he provided no content for the complaints and did not select the names to for the complaints. Dkt. No. 167 at 16. He contends that intent requires knowledge and an "intent to mislead." *Id*. (citations omitted). Defendant Chavez contends that the only statement in the complaint that could show intent is that he "attested to having personal knowledge" when did not. *Id*. at 17. In the text of the complaint, however, Defendant Chavez does not claim to have personal knowledge. Rather, he states that he has "reason to believe, and do believe" the facts alleged in the complaint. *See* Dkt. No. 178-1 at 8. Defendant Chavez further contends that he was permitted to reasonably rely on other law enforcement sources and did not have to identify the source for all the information in the complaints. Dkt. No. 167 at 17-18 (citing *Bennett v. City of Grand Prairie*, 883 F.2d 400 (5th Cir. 1989); *United States v. Huerra*, 884 F.3d 511, 516 (5th Cir. 2018)).

The plaintiffs do not appear to contest Defendant Chavez's lack of intent. The plaintiffs specifically focus on whether Defendant Chavez "was at least reckless." Dkt. No. 178 at 16-17. The plaintiffs argue that based on the facts, Defendant Chavez was so reckless that he must have acted intentionally or knowingly. *Id*. at 22.

The plaintiffs continue to argue that probable cause in the complaint requires some involvement in the violence. The plaintiffs contend that the Fifth Circuit opinion requires involvement in the violence for probable cause to exist. *Id*. at 4 n.15; Dkt. No. 199. They contend that the lack of participation by the plaintiffs in any acts of violence is one way in which the complaints are false. Dkt. No. 178 at 4-5 (alleging that the complaints attested that the individuals were involved in violence).

Contrary to the plaintiffs' argument, however, the Court finds that probable cause does not require evidence that each plaintiff directly participated in the violence that occurred at Twin Peaks. The plaintiffs contend that a probable cause finding under *Terwilliger* requires participation in the violence by the person named in the complaint. Dkt. No. 178 at 4 n.15, 24 (alleging that the Fifth Circuit held that the complaint was false for anyone not participating in the violence). The parties have disputed whether the *Terwilliger* opinion requires such a connection for probable cause to exist. The opinion in a related case clarified that a direct connection to the violence is not required. *Barnhart v. Stroman*, Case No. 24-50751, 2025 WL 2222999 (5th Cir. Aug. 5, 2025). The *Barnhart* court found that the same form complaint could demonstrate probable cause for persons who did not directly participate in the violence because direct participation in violence is not required for Engaging in Organized Criminal Activity under Texas law. *Id*. at *3 (citing *Otto v. State*, 95 S.W.3d 282, 284 (Tex. Crim. App. 2003) and holding that the overt act under the statute can be satisfied by nonviolent conduct).

### A.  The Plaintiffs Failed to Present Sufficient Evidence to Overcome Qualified Immunity

The plaintiffs satisfy the first part of the qualified immunity test—an alleged violation of a constitutional right. As noted in *Terwilliger*, the plaintiffs contend that Defendant Chavez

violated their Fourth Amendment constitutional right "to be free from arrest without a good faith showing of probable cause." *Terwilliger*, 4 F.4th at 285 (citing *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018)). The Court is persuaded that the plaintiffs have presented sufficient evidence to raise a fact question about whether that constitutional right was violated.

Disputed facts demonstrate that portions of the complaints do not apply to the plaintiffs. The *Terwilliger* opinion found that the complaint stated sufficient probable cause "to arrest those to whom its facts applied." *Terwilliger*, 4 F.4th at 282. In at least these two ways, the facts asserted in the complaint did not apply to these plaintiffs. First, none of the plaintiffs "were apprehended at the scene" as stated in the complaint. Dkt. No. 178 at 15 n.91; Dkt. No. 178-1 at 12, 14, & 18 (affirming that each plaintiff was arrested at parking lot away from Twin Peaks). Additionally, none of the plaintiffs had "signs or symbols" connecting them to the Cossacks or Bandidos. Dkt. No. 178 at 15 n.89; Dkt. No. 178-1 at 11, 14, & 17 (denying that any of the plaintiffs had anything on their person associated with the Bandidos or Cossacks). Only one of the defendants was wearing any potential sign or symbol and that was a single patch identifying his membership in the COC&I, which was not in Bandidos colors but is allegedly connected to the Bandidos. Dkt. No. 178 at 15 n.90; Dkt. No. 178-1 at 14. While Defendant Chavez contends that a connection exists between COC&I and the Bandidos, he does not contest the lack of any affiliating signs or symbols. For purposes of summary judgment, the Court construes this fact in the plaintiffs' favor and assumes the complaints were false in these ways as to each of the plaintiffs. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (stating that the court must view all facts and inferences in favor of the nonmovant).

The Court disagrees with the plaintiffs' continued assertion that probable cause also requires some showing that the plaintiffs were involved in the violence. The plaintiffs argue in

supplemental briefing and at the hearing that mere presence at the shootout and an association with the Cossacks or Bandidos is not sufficient for probable cause to exist. Dkt. No. 178 at 17-21; Dkt. No. 199 at 1 (citing *Terwilliger* and *Wilson v. Stroman* as confirming "that some connection to the violence is necessary to find probable cause."). *Barnhart* rejected the argument that probable cause required the defendant to brandish a weapon or be involved in the violence during the incident. *Barnhart*, 2025 WL 2222999, at *3. Instead, the *Barnhart* court confirmed that a violation of the engaging statute could be "met by nonviolent or noncriminal acts, including acts that encourage . . . the commission of the underlying offense." *Id*. (citing *Wilson*, 33 F.4th at 206-207). As stated in *Terwilliger*, the complaint stated probable cause for those to whom it applied—apprehended at the scene with an affiliation with the Cossacks or Bandidos—regardless of whether they actively participated in the violence. Thus, the Court needs only to decide whether the false statements about the plaintiffs being apprehended at the scene and wearing identifying signs or symbols resulted from intentional or reckless conduct by Defendant Chavez.

The crux of the motion concerns whether the defendant can be held liable under *Franks*. Dkt. No. 167 at 7-8. For liability under *Franks*, the plaintiffs must identify sufficient evidence to raise a fact question about whether Defendant Chavez intentionally or recklessly included the false statements regarding the plaintiffs being arrested at the scene with signs or symbols connecting them to the Bandidos or Cossacks. *Terwilliger*, 4 F.4th at 283 & 285. Defendant Chavez contends that recklessness requires evidence tending to show that he entertained serious doubts about the information in the complaints. Dkt. No. 167 at 8 (citing *Hart v. O'Brien*, 127 F.3d 424, 449 (5th Cir. 1997)). At the hearing, Defendant Chavez also asserted that this definition of recklessness is required under the Court's earlier ruling. *See* Dkt. No. 78 at 11 (citing *Hart*,

127 F.3d at 449; *Melton v. Phillips*, 837 F.3d 502, 509 (5th Cir. 2016)); *see also Melton v. Phillips*, 875 F.3d 256, 264 n.7 (2017). The plaintiffs contend that recklessness does not contain the subjective component of serious doubts. Dkt. No. 178 at 10-11. The plaintiffs further contend that this subjective standard was not required in the past appeal of this case. *Id*. at 11 n.70. The plaintiffs' reading of *Terwilliger*, however, overlooks footnote 11 that expressly refused to opine on whether Defendant Chavez could have the *mens rea* for a *Franks* violation. *Terwilliger*, 4 F.4th at 285 n.11; *see also Nerio v. Evans*, 974 F.3d 571, 577 (5th Cir. 2020) (holding that "[l]iability under *Franks* requires a certain mindset"). The Court is persuaded that proving recklessness for *Franks* liability requires identifying evidence—direct or circumstantial—that raises a fact question recklessness. *See U.S. v. Williams*, 737 F.2d 494, 602 (7th Cir. 1984); *see also* Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.3 Evidence (2020) (defining circumstantial evidence as "evidence that proves a fact from which you can logically conclude another fact exists.").

The plaintiffs identify specific facts that they contend demonstrate Defendant Chavez's recklessness. It is undisputed that Defendant Chavez signed the complaint for each plaintiff. Dkt. No. 167 at 5; Dkt. No. 178-1 at 7, 9. The plaintiffs point to evidence showing that Defendant Chavez knew nothing about any of the plaintiffs before he added their names to and signed the complaints. Dkt. No. 178 at 17; Dkt. No. 178-1 at 104 (49:17-24), 106 (51:4-13). They point to evidence showing that Defendant Chavez did nothing to independently verify whether the facts applied to any of the named individuals. Dkt. No. 178 at 19; Dkt. No. 178-1 at 126-127 (79:20-80:15). They also cite evidence tending to show that Defendant Chavez could not articulate how the facts of the complaint demonstrated probable cause. Dkt. No. 178 at 19-20. Defendant Chavez assumed probable cause existed because assistant district attorney Michael Jarrett told

him to arrest the plaintiffs. *Id*. at 20. The plaintiffs also point to evidence showing that Defendant Chavez knew someone had committed murder or aggravated assault, but he had no indication about whether these plaintiffs were involved in the violence. *Id*. at 20-21. Instead, Defendant Chavez assumed the names he was given met the criteria of having an association by colors or patches with either the Bandidos or Cossacks and were at the scene of the violence. Dkt. No. 178-1 at 127 (79:21-80:6). Defendant Chavez admits that he went to the scene, saw bodies, and knew some had committed murder. Dkt. No. 178 at 20; Dkt. No. 178-1 at 123 (75:5-8); Dkt. No. 167-1 at 4. The evidence shows that Defendant Chavez also knew that the names he was given had nothing to do with the persons having conspired to commit murder, capital murder, or aggravated assault. Dkt. No. 178 at 21; Dkt. No. 178-1 at 120-121 (70:25-71:4). The plaintiffs essentially contend that Defendant Chavez's knowledge of the criteria for a person to be added to the complaint—which did not include a connection to the violence—is circumstantial evidence that he acted reckless. Dkt. No. 178 at 21-22.

Because the Court is persuaded that probable cause does not require participation in the violence, as noted above, the Court finds these facts insufficient to raise a fact question about recklessness. The plaintiffs' primary argument is that only a limited number of people could have been directly involved in the violence, that Defendant Chavez knew that, and yet Defendant Chavez signed complaints for far more people than could have participated in the violence at Twin Peaks. Dkt. No. 178 at 17-21. Without that argument, the plaintiffs are left arguing that under the facts presented, Defendant Chavez must have acted recklessly by signing numerous complaints for individuals who were allegedly connected to the Bandidos or Cossacks and present at Twin Peaks. Based on the facts of this case—including the number of people at the

scene when the violence erupted—the Court does not believe the plaintiffs have raised a fact question about Defendant Chavez's potential recklessness.

It was reasonable for Defendant Chavez to rely on other law enforcement officers. As noted by Defendant Chavez, law enforcement officers can rely on information provided by other officers and the district attorney's office. Dkt. No. 180 at 3 n.2 (citations omitted). The summary judgment evidence demonstrates that this was a large, fast-paced investigation into an unprecedented occurrence. *See* Dkt. No. 167-1 at 44-45 (Parker Depo regarding lots of people showing up and having hundreds of weapons with them), 240 (Lanning Depo regarding it being an overwhelming situation). Defendant Chavez arrived at the scene shortly after the violence ended and witnessed evidence of the violence and the large number of people involved. Dkt. No. 167-1 at 4-5. He also went to the convention center where the investigation was ongoing and personally interviewed at least one biker. *Id*. at 5. The summary judgment evidence shows that Defendant Chavez had no personal doubts about the information that he received, and that he relied on other law enforcement including the district attorney's office for the names of persons to be arrested and the substance of the warrant. *Id*. at 6; *Bennett v. City of Grand Prairie*, 883 F.2d 400, 407-08 (5th Cir. 1989) (holding that officers may reasonably rely on hearsay even hearsay provided by other officers when completing warrants). As for the plaintiffs, the summary judgment demonstrates that they were already in custody when Defendant Chavez identified them and was instructed by an assistant district attorney to complete the complaints at issue for each of them. *Id*. at 7-8; *Perry v. Mendoza*, 83 F.4th 313, 318 (5th Cir. 2023) (holding that consultation with a prosecutor is a factor to consider when evaluating qualified immunity). The Court is persuaded that these facts are insufficient to raise a fact question about whether Defendant Chavez entertained serious doubts about the truth of the complaint or was otherwise

reckless. *See generally Melton v. Phillips*, 875 F.3d 256, 264 n.7 (5th Cir. 2017) (holding that recklessness requires a signing officer to have serious doubts about facts included in an affidavit); *Hart v. O'Brien*, 124 F.3d 424, 443-444 (5th Cir. 1997).

Since the plaintiffs failed to present evidence that would raise a fact question regarding the intentional or reckless requirement for liability under *Franks*, Defendant Chavez is entitled to summary judgment based on qualified immunity. For that reason, the undersigned **RECOMMENDS** that Defendant Chavez's motion (Dkt. No. 167) should be **GRANTED**.

### IV.  CONCLUSION

In summary, under the facts of this case, the Court finds that the plaintiffs have failed to overcome Defendant Chavez's defense of qualified immunity and **RECOMMENDS** that Defendant Chavez's motion for summary judgment be **GRANTED**.

### V.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal

conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at

150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 23rd day of February, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE